**Epstratios KARAYANNIS, Appellant,**

v.

**Herbert BROWNELL, Jr., Attorney General of the United States, Appellee.**

**No. 13827.**

United States Court of Appeals
District of Columbia Circuit.

Motion Argued May 9, 1957.

Decided June 6, 1957.

Mr. Joseph J. Lyman, Washington, D. C., for appellant.

Mr. Thomas H. McGrail, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN and FAHY, Circuit Judges.

PER CURIAM.

We stayed a deportation order pending appeal because the appeal presented at least one substantial question which would otherwise become moot.

---

20. Defense Supplies Corp. v. Lawrence Warehouse Co., 336 U.S. 631, 93 L.Ed. 931, 69 S.Ct. 762 (1949).

A New York decree annulling the marriage of the appellant alien, and the statute quoted in Judge Prettyman's dissent, are the only basis of the deportation order. The statute authorizes deportation of an alien who is "found to have secured [his] visa through fraud, by contracting a marriage which" is afterwards retroactively annulled. The statute says nothing about securing a *marriage* through fraud. It mentions none of the various grounds on which marriages may be annulled. The chief question on this appeal is whether the statute means (1) that an alien whose marriage is annulled, on whatever ground, is to be deported if and only if he secured his visa through fraud; or whether it means (2) that an alien who secured his visa "by contracting a marriage" which is annulled for fraud is to be deported.

The New York court annulled this alien's marriage "because of the fraud" of the alien but did not define his fraud. The New York court made no finding to the effect that he secured his visa through fraud, or that he had no genuine intent to be married, or even that his intent to be married was due, wholly or chiefly or at all, to a desire to improve his immigration status; or that he and his wife did not have, for some time, a happy married life. The wife's complaint for annulment did not even allege, at all clearly, any of those things, and did clearly allege that the alien falsely represented to her that he intended to have children. This may have been a fraud on her, which justified annulment of the marriage, but whether it was a fraud on the immigration law is another question.

PRETTYMAN, Circuit Judge (dissenting).

I think this stay should be denied.

There is no dispute as to the facts. Appellant came to this country in May, 1946, as an alien seaman on a visitor's visa. He overstayed the allowed time. In November, 1946, he married an American. Thereupon he was permitted a voluntary departure and a reentry on a non-quota visa issued to him solely by reason of his marriage.[1] Later, in 1951, upon a complaint by his wife, a New York court of competent jurisdiction annulled the marriage "because of the fraud of the defendant". The quoted words are in the decree of the court. Appellant did not contest the annulment.

The pertinent provision of the statute is:

> "That any alien who at any time after entering the United States is found to have secured either non-quota or preference-quota visa through fraud, by contracting a marriage which, subsequent to entry into the United States, has been judicially annulled retroactively to date of marriage, shall be taken into custody and deported * * * ."[2]

The marriage of this appellant was judicially annulled retroactively to the date of the marriage. And the annulment was upon the specific finding of fraud. We cannot go back of the New York decree; we are required to give it full faith and credit. Thus, as I see it, appellant falls squarely within the precise words of the statute. I see no substantial question in the case.

Appellant argues that after some ten months of happy married life unhappy differences developed and the couple separated. But that is not what the New York court found. It found fraud in the marriage itself and annulled it, making it void from its inception.

Appellant argues that the fraud, if any, was not in obtaining the non-quota visa but was in the marriage. But he obtained the visa solely on the basis of the marriage. The marriage was a fraud; that is, the basis for the visa was a fraud. He obtained the visa through a fraud in contracting a marriage. That is precisely what the statute, in mandatory language, says requires deportation.

1. Sec. 4(a), Immigration Act of 1924, 43 Stat. 155.

2. Sec. 3, Act of May 14, 1937, 50 Stat. 165.